# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                           **Case No. 16-CR-49**

**TERRENCE J. CARTER**
    **Defendant.**

## DECISION AND ORDER

The government charged that defendant Terrence Carter, having previously been convicted of a misdemeanor crime of domestic violence, unlawfully possessed a firearm. 18 U.S.C. § 922(g)(9). Defendant moved to suppress the gun, discovered during a traffic stop, arguing that the police lacked probable cause for the stop. The magistrate judge handling pre-trial proceedings in this case denied defendant's request for an evidentiary hearing, then issued a recommendation that the motion be denied.

Defendant objects to the recommendation, so I must review the matter de novo.[1] See Fed. R. Crim. P. 59(b). De novo review does not require the district court to conduct its own evidentiary hearing. See United States v. Raddatz, 447 U.S. 667, 674 (1980). Defendant does not object to the magistrate judge's denial of an evidentiary hearing in this case or otherwise request that I hold such a hearing now, and the parties appear to agree that the material facts are not in dispute.

---

[1]The government argues that defendant forfeited his right to object because he is a fugitive, with an active warrant for his arrest related to alleged violations of bond conditions. In reply, defense counsel indicates that defendant was recently arrested by state authorities and is in the Milwaukee County Jail with a federal detainer. Given these circumstances, I will address the merits.

## I. FACTS AND BACKGROUND

The magistrate judge reported the following uncontested facts:

At around 8:30 p.m. on February 4, 2016, Officer [Daniel] Sutyak and Officer Zachary Kwiatowski were patrolling a neighborhood of Milwaukee, Wisconsin in a marked police vehicle. They observed a Chevy Traverse travelling southbound on Humboldt Boulevard turn left onto East Burleigh Street. The officers followed the vehicle. Upon turning onto East Burleigh Street, the officers saw the Traverse "parked in the middle of the street at the intersection of E. Burleigh St and N Dousman St. blocking traffic." They were unable to read the rear license plate from fifteen feet away because it "was extremely dirty."

After Officer Sutyak turned on the emergency lights and sirens, the Traverse's rear red brake light turned on. The Traverse then slowly turned left onto North Dousman Street and came to a stop. The only occupant was the driver, later identified as [defendant]. Upon approaching the Traverse, the officers noticed [defendant] moving in a manner consistent with "placing an item behind or under the front passenger seat." After observing a three-fourths-full bottle of Taaka Vodka in the center console, the officers escorted [defendant] to the back of the police vehicle. They then searched the Traverse, discovering a firearm under the passenger's seat.

(R. 16 at 2, record citations omitted.)[2]

The magistrate judge concluded that the officers had grounds to stop defendant because he was obstructing traffic. See Milwaukee, Wis., Ordinances § 101-24.2 ("It shall be unlawful for any vehicle to be parked or left standing on a highway in such a manner as to obstruct traffic."). The magistrate judge acknowledged an exception to the parking prohibition "for the purpose of and while actually engaged in loading or unloading property or passengers," Wis. Stat. § 340.01(42m), but nothing in the record suggested defendant was doing that at the time of stop. In any event, the magistrate judge noted, the police need not rule out every lawful alternative before stopping an individual.

---

[2]As the magistrate judge noted in denying an evidentiary hearing, defendant proffered no disputed material facts. (R. 14 at 2-3.)

## II. DISCUSSION

An officer has probable cause for a traffic stop when he has an objectively reasonable basis to believe a traffic law has been violated. United States v. Reaves, 796 F.3d 738, 741 (7th Cir. 2015). The Seventh Circuit has held that "that probable cause to believe that a parking offense is ongoing justifies at least a brief stop." United States v. Johnson, No. 15-1366, 2016 U.S. App. LEXIS 9004, at *3 (7th Cir. May 17, 2016) (citing United States v. Shields, 789 F.3d 733, 744-46 (7th Cir. 2015)). Echoing the magistrate judge's statement in this case, the Seventh Circuit in Johnson rejected the argument that the police could not obtain probable cause until they had observed the car long enough to know that it was not loading or unloading. "Even a brief glimpse of the car revealed probable cause, because officers need not negate all possible defenses. They can hand out tickets (or make arrests) and leave to the judicial process the question whether a defense applies." Id. at *2; see also id. at *4 ("The Fourth Amendment requires searches and seizures to be reasonable; it does not demand that police resolve all possible defenses and exceptions before asking the first question.").

The uncontested facts establish that Officers Sutyak and Kwiatowski had grounds to stop defendant's car to determine why he was parked in the middle of the street in an intersection. Defendant contends that the officers did not have enough time to conclude that the Traverse was probably parked, rather than that the driver was waiting for a passenger, checking GPS, or answering the phone. As the magistrate judge noted, however, the officers' observation of the vehicle's brake lights supports the conclusion that the vehicle's transmission "was literally in the parked position." (R. 16 at 4.) As the government notes, Wisconsin law defines the term "parking" to mean "the halting of a vehicle, whether occupied or not, except temporarily for the purpose of and while actually engaged in loading or unloading property or

3

passengers." Wis. Stat. § 340.01(42m). Thus, it does not matter that the Traverse was running and occupied. And the record contains no evidence that anyone was getting into or out of the car, triggering the exception. Perhaps if the police had delayed a few minutes, they would have observed loading or unloading, but Johnson holds that the police need not wait and see before they approach a vehicle and ask the driver what he is doing.[3]

Defendant's claim that, because of the location of the encounter and the absence of other cars, no traffic was actually being obstructed fails for a similar reason. The police need not wait for other vehicles to approach before they at least investigate why a car is stopped in the middle of the road, in an intersection, for no apparent reason. As the government notes, the Milwaukee ordinance prohibits parking "in a manner so as to obstruct traffic"; by its terms, it does not require that other cars actually be blocked, unlike the Tennessee statute at issue in the case defendant cites. State v. Williams, 185 S.W.3d 311, 319 (Tenn. 2006).[4] The Fourth Amendment does not forbid the police from pro-actively removing a car from the middle of the road before other drivers are obstructed. In any event, as the government also notes, the fact that defendant took the car out of park and moved onto Dousman Street when the officers approached shows that he was blocking traffic. "If he were not blocking traffic, he

---

[3]Defendant finds the magistrate judge's citation of the Milwaukee traffic ordinance problematic because Sutyak did not cite it in his report. Fourth Amendment standards are objective, so the arresting officer's motivations do not matter. See, e.g., United States v. Edwards, 769 F.3d 509, 516 (7th Cir. 2014). In any event, the magistrate judge did not come up with an entirely different basis for the stop; he simply provided a legal citation to match the officer's factual justification.

[4]In Williams, the officer specifically testified that the defendant "was not blocking any traffic." Id. at 314. Further, as the government also notes, the Tennessee supreme court recently reconsidered Williams' treatment of the community caretaker exception in dealing with stopped vehicles. See State v. McCormick, 2016 Tenn. LEXIS 318, at *28-30 (Tenn. May 10, 2016).

4

simply could have remained where he was when the officers activated their lights." (R. 19 at 6.)[5]

Finally, defendant makes no claim that the police acted unreasonably when they removed him from the car and searched it, based on their additional observations of furtive movements and an open bottle of alcohol. See, e.g., United States v. Evans, 994 F.2d 317, 321 (7th Cir. 1993). Accordingly, there is no basis for questioning the reasonableness of the search.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 16) is adopted, and defendant's motion to suppress (R. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[5] Because I agree with the magistrate judge that the officers had probable cause to stop defendant for parking in the middle of the road, I find it unnecessary to consider the government's alternate justification for the stop – the condition of the vehicle's license plate. See Wis. Stat. § 341.15(3) ("[It is a violation to operate] a vehicle with a registration plate in an illegible condition due to the accumulation of dirt or other foreign matter.").

5